IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

LAWRENCE L. BLANKENSHIP,
    Plaintiff,

vs.                                Case No.: 3:12cv266/MW/EMT

GULF POWER COMPANY,
    Defendant.
_____

**REPORT AND RECOMMENDATION**

      This cause filed pursuant to 28 U.S.C. § 1331 or § 1346 or 42 U.S.C. § 1983 is presently before the court on the pro se Plaintiff's amended complaint (doc. 7).[1] The $350.00 filing fee has been paid. Upon review of Plaintiff's complaint, the undersigned concludes that this case should be dismissed for lack of federal jurisdiction.

Background

      Plaintiff Lawrence Blankenship sues Gulf Power Company (hereafter "Gulf Power" or "Defendant") as a result of Gulf Power's transfer of the balance due on an outstanding utility bill to Plaintiff's primary residence, which resulted in the disconnection of his utility services. More specifically, Plaintiff alleges that Gulf Power transferred a $1,020.51 balance from an unpaid account bearing Plaintiff's name at 7951 Atille Avenue in Pensacola, Florida, which residence was previously occupied by Plaintiff's daughter, to Plaintiff's primary residence at 5930 Mitchell Lane, also in Pensacola (doc. 7 at 3). This transfer took place in April of 2012, which was allegedly four months after Plaintiff and his daughter contacted Gulf Power to disconnect the service at 7951 Atille

---

[1] Plaintiff's amended complaint was filed on December 4, 2012. The court was precluded from reviewing or otherwise taking action on the complaint due to the pendency of Plaintiff's interlocutory appeal, in which he appealed this court's denial of his motion for recusal (*see* docs. 10, 11, 13). The mandate dismissing this appeal issued on March 14, 2013 (doc. 22).

Avenue (*id.*). When Plaintiff did not pay the amount in question, he was served with a disconnect notice (*id.* at 3, 12). Plaintiff has attached copies of correspondence from Gulf Power and his electrical bills from the approximate time period in question, including the disconnect notice (*id.* at 9–12). It is not clear to what extent, if at all, Plaintiff disputed Gulf Power's actions directly with the company, as his initial complaint in this case was filed on June 8, 2012, seven days after the disconnect notice would have taken effect (doc. 1).

Plaintiff claims numerous legal violations resulting from what he maintains was an unauthorized transfer. He alleges he does not owe the amount reflected on the documents, and that Gulf Power's insistence otherwise has served to commit a fraud upon him (doc. 7 at 3). He also claims that the balance transfer should not have been done without his consent, despite the fact that his name was on both accounts (*id.*). Plaintiff contends that this transfer was part of a deliberately planned and carefully executed scheme, that it violated clearly established constitutional rights of which a reasonable person would have known, and that in making the transfer, officers of Gulf Power Company engaged in a conspiracy (*id.* at 3–4). Plaintiff claims that this wrong is not only against him, but is also a wrong against the State of Florida (*id.* at 4). He further claims that Gulf Power has ignored the laws of the State of Florida and the federal "Responsible Utility Customer Protection Act"[2] (*id.*). He also asserts that Defendant, a private corporation, is cloaked with the power of state law, thus allowing it to perform the unlawful acts which violated Plaintiff's substantive and procedural due process rights, his right to equal protection, and "those rights from the Bill of Rights incorporated by the Due Process Clause of the Fourteenth Amendment" (*id.*). He also cites and claims a violation of the "Public Utility Holding Company Act"[3] (*id.* at 5). Plaintiff insists that Gulf Power made false representations of fact with respect to the amount Plaintiff owes to Defendant, and that it failed to follow normal procedures for working out problems with unpaid

---

[2] Plaintiff does not refer to a particular section of the United States Code, and the court has been unable to locate an act bearing this name in the federal code. The code of the state of Pennsylvania contains an act with this name, *see* 66 Pa. C.S.A. § 1402, *et seq.*, but Pennsylvania law is irrelevant to the instant case.

[3] The Public Utility Holding Company Act of 1935, 15 U.S.C.A. §§ 79, *et seq.*, was repealed by the Energy Policy Act of 2005, Pub. L. No. 109–58, 119 Stat. 594, and is codified at 42 U.S.C. §§ 16511–14, 16516 and various sections of 16 U.S.C.. *See, e.g.*, Old Dominion Elec. Co-op., Inc. v. F.E.R.C., 518 F.3d 43, 47 (D.C. Cir. 2008); In re Methyl Tertiary Butyl Ether (MTBE) Products Liability Litigation, 739 F. Supp. 2d 576, 599 n.152 (S.D.N.Y. 2010).

bills, suggesting that if Defendant's chief executive officer or officers would meet with him, the problem would be solved[4] (*id*.). That such a meeting has not occurred, Plaintiff suggests, evidences the existence of a conspiracy to damage him (*see id.* at 5–6). Plaintiff also claims that Defendant is guilty of fraud, misrepresentation, intentional and negligent infliction of emotional distress, abuse of authority, and racketeering (*id.*).

In his Statement of Claims, Plaintiff claims violations of the "Public Utility Holding Company Act, and Responsible Utility Customer Protection Act, and intentional misrepresentation of amount, and 18 U.S.C. 1001 'Fraud and False Statement'" (doc. 7 at 6). He seeks monetary damages in the sum of $10,000, expenses and court costs, compensation for non-economic damages, and an order directing Defendant to restore power service at 5930 Mitchell Lane in Pensacola.

Jurisdictional Analysis

A federal court is obliged to dismiss a case whenever it appears the court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3); Bochese v. Town of Ponce Inlet, 405 F.3d 964, 975 (11th Cir. 2005); University of South Alabama v. American Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) (once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue); Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999). A court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings, and in fact, a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking. Bochese, 405 F.3d at 975 (quoting University of South Alabama, 168 F.3d at 410); Miccosukee Tribe of Indians of Florida v. Kraus-Anderson Const. Co., 607 F.3d 1268, 1273 (11th Cir. 2010)

Pursuant to 28 U.S.C. § 1331, district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Miccosukee Tribe of Indians of Florida, 607 F.3d at 1273 (citing 28 U.S.C. § 1331). However, the mere assertion of a federal claim or citation to a federal statute is not sufficient to obtain jurisdiction under 28 U.S.C. § 1331. "Federal jurisdiction requires that a party assert a *substantial* federal claim." Davis v. Pak, 856 F.2d 648, 650 (4th Cir. 1988) (citing Hagans v. Lavine, 415 U.S. 528, 536 (1976)) (emphasis added); *see*

---

[4] As alluded to *supra*, Plaintiff has not detailed the efforts he took to resolve this problem, if any.

*also* Baker v. Carr, 369 U.S. 186 (1962) (if jurisdiction is based on a federal question, the plaintiff must show he has alleged a claim under federal law and that the claim is not frivolous). In Hagans, the Supreme Court noted: "Over the years this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, obviously frivolous, plainly insubstantial, or no longer open to discussion.'" 415 U.S. at 536–37 (citations omitted); McGinnis v. Ingram Equip., Co., 918 F.2d 1491, 1494 (11th Cir. 1990) (the test of federal jurisdiction is whether "the cause of action alleged is so patently without merit as to justify . . . the court's dismissal for want of jurisdiction") (citations omitted); Peterson v. Ramirez, 428 F. App'x 908, 909 (11th Cir. 2011) (unpublished) (citing McGinnis). While emphasizing that this insubstantiality threshold is a difficult one to meet, the Supreme Court concluded that the substantiality doctrine "remains the federal rule and needs no reexamination." Hagans, 415 U.S. at 538. A complaint is frivolous "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *id.*, 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31 (1992).

Plaintiff's reliance on title 18 U.S.C. § 1001 is misplaced. This is a criminal statute that does not provide a basis for a private cause of action. Additionally, Plaintiff has not shown that there is a private right of action under the Public Utility Holding Company Act or the Responsible Utility Customer Protection Act, and even if such a right exists the former Act was repealed long before the events of which Plaintiff complains, and the latter Act is inapplicable to events occurring in the state of Florida. Plaintiff has not identified any other federal law—nor is the court aware of any such law or regulation—which provides a private right of action for Plaintiff's claims or under which Gulf Power's allegedly wrongful conduct would be actionable. Similarly, Plaintiff's claim of "intentional misrepresentation of amount" has no independent basis in federal law.

Construing Plaintiff's claims liberally, as the court must in light of his pro se status, the court concludes that it lacks jurisdiction under the Energy Policy Act of 2005 ("EPACT"), which repealed the Public Utility Holding Company Act referenced by Plaintiff in support of his claims. The EPACT was enacted to "ensure jobs for our [nation's] future with secure, affordable, and reliable

energy," PL 109–58 (HR 6) (Aug. 8, 2005), not to provide a federal forum for resolution of disputes between an individual and a power company over a billing matter or with regard to a disconnection or interruption of electric service. *See, e.g.*, California Wilderness Coal. v. U.S. Dept. of Energy, 631 F.3d 1072, 1080 (9th Cir. 2011) (EPACT recognizes national interest in electric transmission corridors and preventing electrical brown-outs/black-outs due to electric transmission congestion); Piedmont Envtl. Council v. F.E.R.C., 558 F.3d 304, 310 (4th Cir. 2009) (EPACT addresses increasing concerns about the capacity and reliability of the nation's electric transmission grid); Kinetic Sys., Inc. v. Fed. Fin. Bank, No. 12-1619-SC, 2012 WL 4063024, at *14 (N.D. Cal. Sept. 14, 2012) (EPACT sets out "a mechanism for providing federally-backed loans to the makers of innovative energy technologies"); Colorado Envtl. Coal. v. Salazar, No. 09-CV-00091-JLK, 2011 WL 1774891 (D. Colo. May 10, 2011) (EPACT addresses commercial leasing of oil shale and tar sands resources on public lands). Stated simply, Plaintiff's claims do not arise under the EPACT, and he has no private cause of action for them under the EPACT; thus, this court lacks subject matter jurisdiction over his claims. *Cf.* Houston v. Williams, 547 F.3d 1357, 1359, 1363 (11th Cir. 2008) (the Energy Conservation and Production Act ("ECPA"), 42 U.S.C. §§ 6851–6873 (2000), which provides financial assistance to low-income persons for energy conservation measures, does not give low-income individual who was denied assistance federal, enforceable rights under 42 U.S.C. § 1983, even though stated purpose of the ECPA is to assist such an individual) (citing Gonzaga Univ. v. Doe, 536 U.S. 273 (2002) (anything short of an unambiguously conferred right to support a cause of action brought under § 1983 is insufficient)).

To the extent Plaintiff attempts to argue that diversity jurisdiction governs this action (*see* doc. 7 at 3), even if the parties were citizens of diverse states, which does not appear to be the case from the face of the complaint, he has not met the $75,000.00 amount in controversy requirement (*see* 28 U.S.C. § 1332(a)). And finally, to the extent Plaintiff asserts that there has been a violation of his federal constitutional rights, title 42 U.S.C. § 1983 does not afford a basis for relief. This statute applies only to conduct committed by a person acting under color of state law that deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted). Plaintiff's assertion that Gulf Power was "cloaked with the power of state law" does not make it so.

Because the allegations of Plaintiff's complaint reveal no discernable basis for federal jurisdiction, this case should be dismissed.[5]

Accordingly, it is respectfully **RECOMMENDED**:

That this cause be **DISMISSED** for lack of jurisdiction due to Plaintiff's failure to raise a substantial non-frivolous federal claim.

At Pensacola, Florida, this 27th day of March 2013.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636;** United States v. Roberts**, 858 F.2d 698, 701 (11th Cir. 1988).**

---

[5] In recommending dismissal of this action, the court makes no finding with respect to any claims that may arise under any provision of state law, including the provisions of the Florida Administrative Code governing customer relations with respect to electric service by electric public utilities. *See* Fla. Admin. Code rr. 25-6.093–25-6.109.

Case No.: 3:12cv266/MW/EMT